UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

JAMES STATEN,

    Plaintiff,

v().

LATOYA BERRY and
DR. JAMES CUENO,

    Defendants.

Case No. 11-cv-269-JPG-DGW

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff James Staten's *pro se* Motion for Leave to Proceed *in Forma Pauperis* (Doc. 3).

A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1) (2006). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious or fails to state a claim upon which relief may be granted. *Id*. § 1915(e)(2)(B)(i) & (ii). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). Meanwhile, an action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a petition to proceed *in forma pauperis,* a district court should inquire into the merits of the petitioner's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

1

The Court is unable to draw from Staten's Complaint (Doc. 1) a cause of action, let alone one over which it has jurisdiction. Accordingly, the Court finds Staten has failed to state a claim upon which relief can be granted. Even if Staten's complaint stated a claim, any such claim lacks merit and may be deemed frivolous. Accordingly, the Court **DENIES** the instant motion (Doc. 3), **DENIES as moot** Staten's Motion to Appoint Counsel (Doc. 2) and Motion for Service of Process at Government Expense (Doc. 4), and **DISMISSES** this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) &(ii). Further, the Court **DIRECTS** the Clerk of Court to enter judgment accordingly.

As a final matter, it must be mentioned that Staten has inundated the Court with a number of frivolous filings over the last few years and his litigiousness shows no signs of slowing. Nearly all of Staten's cases have been dismissed out of hand pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii), and those that have not been dismissed via § 1915(e)(2)(B)(i) & (ii) have simply not been inspected for frivolity. Being fully advised of the premises, the Court **WARNS** Staten that the commencement of *any* frivolous or meritless proceedings in the future may lead to sanctions, including and up to a general ban on opening new cases with this Court.

**IT IS SO ORDERED.**
**DATED: April 18, 2011**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**